**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(Kansas City Docket)**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**STEVEN MARTINEZ,**
**NICKOLAS VANDER BRUGGEN,**
**GEORGE GARCIA,**
**ALONZO COOPER,**
**REGINALD ALLEN,**
**KAYLA UNION,**
**AKIL COOPER,**
**MARCUS JOSEPH,**
**DOMINIQUE WILSON,**
**MARIO ZELAYA,**
**TRENTON SMITH,**
**ANTHONY DANIELS,**
**DAYA DANIELS,**
**and**
**BARBARA HAYNES,**

**Defendants.**

ED19-0387M

**Case No.** 19-20007-CM-TJJ

**INDICTMENT**

The Grand Jury charges:

**COUNT 1**

Commencing on or about January 19, 2016, and continuing to on or about April 3, 2018, in the District of Kansas and elsewhere, the defendants,

**STEVEN MARTINEZ,**
**GEORGE GARCIA,**
**ALONZO COOPER,**

**REGINALD ALLEN,**
**KAYLA UNION,**
**AKIL COOPER,**
**MARCUS JOSEPH,**
**DOMINIQUE WILSON,**
**and**
**MARIO ZELAYA,**

knowingly and intentionally conspired and agreed with each other, and with others known and unknown to the Grand Jury, to distribute and possess with intent to distribute marijuana, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

QUANTITY OF MARIJUANA INVOLVED IN THE CONSPIRACY

With respect to defendants STEVEN MARTINEZ, GEORGE GARCIA, ALONZO COOPER, REGINALD ALLEN, KAYLA UNION, AKIL COOPER, MARCUS JOSEPH, DOMINIQUE WILSON, and MARIO ZELAYA, their conduct as members of the conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count 1, involved more than 100 kilograms of marijuana, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(vii).

This was in violation of Title 21, United States Code, Section 846.

**COUNT 2**

On or about September 25, 2017, in the District of Kansas and elsewhere, the defendant,

**AKIL COOPER,**

knowingly and intentionally used a communication facility, which was mail through the United State Postal Service, in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

**COUNT 3**

On or about November 8, 2017, in the District of Kansas and elsewhere, the defendant,

**DOMINIQUE WILSON,**

knowingly and intentionally used a communication facility, which was mail through the United States Postal Service, in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

**COUNT 4**

On or about February 7, 2018, in the District of Kansas and elsewhere, the defendants,

**STEVEN MARTINEZ**
**and**
**ALONZO COOPER,**

knowingly and intentionally used a communication facility, which was a telephone, in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

**COUNT 5**

On or about February 7, 2018, in the District of Kansas and elsewhere, the defendant,

**MARIO ZELAYA,**

knowingly and intentionally used a communication facility, which was mail through the United State Postal Service, in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

**COUNT 6**

On or about February 10, 2018, in the District of Kansas and elsewhere, the defendant,

**KAYLA UNION,**

knowingly and intentionally used a communication facility, a wire (money service business transfer), in committing, causing, and facilitating the offense set forth in Count 1 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

**COUNT 7**

On or about October 27, 2017, in the District of Kansas, the defendants,

**ALONZO COOPER**
**and**
**REGINALD ALLEN,**

knowingly opened, leased, rented, used, and maintained a place located at 2301 N. 21st Street, Kansas City, Kansas, whether permanently or temporarily, for the purpose of distributing and using any controlled substance, in committing, causing, and facilitating the offenses set forth in Counts 1, 16, and 21 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

**COUNT 8**

Commencing on or about May 12, 2016, and continuing to on or about February 27, 2018, in the District of Kansas and elsewhere, the defendants,

**STEVEN MARTINEZ,**
**NICKOLAS VANDER BRUGGEN,**
**GEORGE GARCIA,**
**ALONZO COOPER,**
**REGINALD ALLEN,**
**KAYLA UNION,**
**AKIL COOPER,**
**MARCUS JOSEPH,**
**DOMINIQUE WILSON,**
**and**
**MARIO ZELAYA,**

knowingly conspired and agreed with each other and with other persons known and unknown to the Grand Jury to commit money laundering, as follows:

(a) knowingly conducted and attempted to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of and conspiracy to distribute marijuana, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**Manner and Means of the Money Laundering Conspiracy**

The manner and means used to accomplish the objectives of the Money Laundering Conspiracy included, among others, the following.

(a) It was part of the conspiracy that members of the conspiracy obtained marijuana from sources in California and shipped the marijuana from California for further distribution in Kansas.

(b) It was part of the conspiracy that members of the conspiracy sold the marijuana to Kansas customers and then sent the proceeds back to conspirators in California. Said proceeds were used to purchase additional marijuana, supplies, and otherwise benefit members of the conspiracy and further the distribution of marijuana.

(c) It was part of the conspiracy that members of the conspiracy deposited the proceeds from marijuana sales in bank accounts at bank locations in Kansas, and then other members withdrew the drug proceeds from bank accounts located in California, all of which was designed at least in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds from the distribution of marijuana.

(d) It was part of the conspiracy that members of the conspiracy deposited approximately $196,015 in cash proceeds from the Kansas-based marijuana distribution in bank accounts located in Kansas.

(e) It was part of the conspiracy that members of the conspiracy withdrew approximately $121,916 in cash proceeds from the Kansas-based marijuana distribution from the bank accounts located in California.

(f) It was part of the conspiracy that members of the conspiracy deposited approximately $45,490 in cash proceeds from the Kansas-based marijuana distribution, with money service businesses located in Kansas.

(g) It was part of the conspiracy that members of the conspiracy received approximately $45,490 in cash proceeds from the Kansas-based marijuana distribution, from the money service businesses located in California.

This was in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 9 THROUGH 14

On the dates listed below, in the District of Kansas and elsewhere, the listed defendants, knowingly conducted a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the distribution of and conspiracy to distribute marijuana, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

This was in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

| Count | Defendants | Date | Amount | Details |
|---|---|---|---|---|
| 9 | ALONZO COOPER and AKIL COOPER | January 15, 2016 | $2,300 | Money Gram Wire Transfer |
| 10 | STEVEN MARTINEZ, GEORGE GARCIA, and ALONZO COOPER | May 30, 2017 | $4,200 | COOPER deposited cash into GARCIA's Wells Fargo account on behalf of MARTINEZ |
| 11 | ALONZO COOPER and MARCUS JOSEPH | June 7, 2017 | $1,960 | Money Gram Wire Transfer |

| | | | | |
|---|---|---|---|---|
| 12 | ALONZO COOPER and AKIL COOPER | June 9, 2017 | $3,000 | Money Gram Wire Transfer |
| 13 | ALONZO COOPER and DOMINIQUE WILSON | October 4, 2017 | $2,300 | Money Gram Wire Transfer |
| 14 | GEORGE GARCIA and KAYLA UNION | January 10, 2018 | $5,600 | UNION deposited Capitol Federal cashier's check into GARCIA's Wells Fargo account |

**COUNT 15**

Commencing on or about January 22, 2018, and continuing through on or about February 6, 2018, in the District of Kansas and elsewhere, the defendants,

**STEVEN MARTINEZ**
**and**
**NICKOLAS VANDER BRUGGEN,**

knowingly engaged in a financial transaction by receiving $5,000 in blank U.S. Postal Money Orders provided by a federal agent that was represented to be proceeds of a specified unlawful activity with the intent to conceal or disguise the source, origin, nature, ownership or control of the proceeds, or avoid a reporting requirement.

This was in violation of Title 18, United States Code, Section 1956(a)(3).

**COUNT 16**

Commencing on or about March 1, 2016, and continuing to on or about July 11, 2017, in the District of Kansas and elsewhere, the defendants,

**ALONZO COOPER,**
**REGINALD ALLEN,**
**KAYLA UNION,**
**ANTHONY DANIELS,**
**and**
**DAYA DANIELS,**

knowingly and intentionally conspired and agreed with each other, and with others known and unknown to the Grand Jury, to distribute and possess with intent to distribute marijuana, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 846, and Title 18, United States Code, Section 2.

**COUNT 17**

On or about July 11, 2017, in the District of Kansas and elsewhere, the defendant,

**DAYA DANIELS,**

knowingly and intentionally used a communication facility, which was mail through the United State Postal Service, in committing, causing, and facilitating the offense set forth in Count 16 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

**COUNT 18**

Commencing on or about August 31, 2016, and continuing to on or about October 25, 2017, in the District of Kansas and elsewhere, the defendants,

**ALONZO COOPER,**
**REGINALD ALLEN,**
**ANTHONY DANIELS,**
**and**
**DAYA DANIELS,**

knowingly conspired and agreed with each other and with other persons known and unknown to the Grand Jury to commit money laundering, as follows:

(a) knowingly conducted and attempted to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of and conspiracy to distribute

marijuana, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**Manner and Means of the Money Laundering Conspiracy**

The manner and means used to accomplish the objectives of the Money Laundering Conspiracy included, among others, the following:

(a) It was part of the conspiracy that members of the conspiracy obtained marijuana from sources in California and shipped the marijuana from California for further distribution in Kansas.

(b) It was part of the conspiracy that members of the conspiracy sold marijuana to Kansas customers and then sent the proceeds back to conspirators in California. Said proceeds were used to purchase additional marijuana, supplies, and otherwise benefit members of the conspiracy and further the distribution of marijuana.

(c) It was part of the conspiracy that members of the conspiracy deposited approximately $33,510 in cash proceeds from the Kansas-based marijuana distribution, with money service businesses in Kansas.

(d) It was part of the conspiracy that members of the conspiracy received approximately $33,510 in cash proceeds from the Kansas-based marijuana distribution, from the money service businesses located in California.

This was in violation of Title 18, United States Code, Section 1956(h).

**COUNTS 19 AND 20**

On the dates listed below, in the District of Kansas and elsewhere, the listed defendants, knowingly conducted a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the distribution of and conspiracy to distribute marijuana, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

This was in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

| Count | Defendants | Date | Amount | Details |
|---|---|---|---|---|
| 19 | REGINALD ALLEN and ANTHONY DANIELS | April 19, 2017 | $2,650 | Wire Transfer |
| 20 | REGINALD ALLEN and DAYA DANIELS | June 12, 2017 | $2,500 | Wire Transfer |

**COUNT 21**

Commencing on or about April 10, 2017, and continuing to on or about November 29, 2017, in the District of Kansas and elsewhere, the defendants,

**ALONZO COOPER,**
**REGINALD ALLEN,**
**KAYLA UNION,**
**TRENTON SMITH,**
**and**
**BARBARA HAYNES,**

knowingly and intentionally conspired and agreed with each other, and with others known and unknown to the Grand Jury, to distribute and possess with intent to distribute marijuana, a

controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 846, and Title 18, United States Code, Section 2.

**COUNT 22**

On or about August 30, 2017, in the District of Kansas and elsewhere, the defendant,

**TRENTON SMITH,**

knowingly and intentionally used a communication facility, which was mail through the United States Postal Service, in committing, causing, and facilitating the offense set forth in Count 21 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

**COUNT 23**

On or about November 29, 2017, in the District of Kansas and elsewhere, the defendant,

**BARBARA HAYNES,**

knowingly and intentionally used a communication facility, which was mail through the United State Postal Service, in committing, causing, and facilitating the offense set forth in Count 21 of this Indictment, incorporated by reference herein.

This was in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

**COUNT 24**

Commencing on or about April 5, 2017, and continuing to on or about February 10, 2018, in the District of Kansas and elsewhere, the defendants,

**ALONZO COOPER**
**and**

**TRENTON SMITH,**

knowingly conspired and agreed with each other and with other persons known and unknown to the Grand Jury to commit money laundering, as follows:

(a) knowingly conducted and attempted to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of and conspiracy to distribute marijuana, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**Manner and Means of the Money Laundering Conspiracy**

The manner and means used to accomplish the objectives of the Money Laundering Conspiracy included, among others, the following.

(a) It was part of the conspiracy that members of the conspiracy obtained marijuana from sources in Colorado and shipped the marijuana from Colorado for further distribution in Kansas.

(b) It was part of the conspiracy that members of the conspiracy sold the marijuana to Kansas customers and then sent the proceeds back to conspirators in Colorado. Said proceeds were used to purchase additional marijuana, supplies, and otherwise benefit members of the conspiracy and further the distribution of marijuana.

(c) It was part of the conspiracy that members of the conspiracy deposited approximately $5,700 in cash proceeds from the Kansas-based marijuana distribution, with money service businesses in Kansas.

(d) It was part of the conspiracy that members of the conspiracy received approximately $5,700 in cash proceeds from the Kansas-based marijuana distribution, from the money service businesses located in Colorado.

This was in violation of Title 18, United States Code, Section 1956(h).

**COUNT 25**

On or about April 14, 2017, in the District of Kansas and elsewhere, the defendants,

**ALONZO COOPER**
**and**
**TRENTON SMITH,**

knowingly conducted a financial transaction, by having $2,500 transferred from Kansas to Colorado through Money Gram Payment Systems, Inc., affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the distribution of and conspiracy to distribute marijuana, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

This was in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**FORFEITURE ALLEGATION I – DRUG TRAFFICKING**

The allegations contained in Counts 1 through 7, 16, 17, 21, 22, and 23 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 21, United States Code, Section 853. As a result of the commission of the violations charged in Counts 1 through 7, 16, 17, 21, 22, and 23 of this Indictment, and upon conviction of one or more of these offenses, the defendants,

**STEVEN MARTINEZ,**
**GEORGE GARCIA,**
**ALONZO COOPER,**
**REGINALD ALLEN,**
**KAYLA UNION,**
**AKIL COOPER,**
**MARCUS JOSEPH,**
**DOMINIQUE WILSON,**
**MARIO ZELAYA,**
**TRENTON SMITH,**
**ANTHONY DANIELS,**
**DAYA DANIELS,**
**and**
**BARBARA HAYNES,**

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds that the defendants obtained directly or indirectly as a result of the violations charged in Counts 1 through 7, 16, 17, 21, 22, and 23 of this Indictment, any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts 1 through 7, 16, 17, 21, 22, and 23 of this Indictment, including but not limited to the following:

**A. MONEY JUDGMENT**

A money judgment for each defendant in an amount that represents the proceeds each defendant obtained from Counts 1 through 7, 16, 17, 21, 22, and 23 of this Indictment.

**B. PERSONAL PROPERTY**

Approximately $44,134.00 in United States currency seized from STEVEN MARTINEZ on April 4, 2018 at his residence in Rosamond, California.

**C. SUBSTITUTE ASSETS**

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c). In the event any of the foregoing property:

a. cannot be located upon the exercise of due diligence
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any property of the defendant up to the value of the above-described forfeitable property.

**FORFEITURE ALLEGATION II – MONEY LAUNDERING**

The allegations contained in Counts 8 through 15, 18 through 20, 24, and 25 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853. As a result of the commission of the violations charged in Counts 8 through 15, 18 through 20, 24, and 25 of this Indictment, and upon conviction of one or more of these offenses, the defendants,

**STEVEN MARTINEZ,**
**NICKOLAS VANDER BRUGGEN,**
**GEORGE GARCIA,**
**ALONZO COOPER,**
**REGINALD ALLEN,**

**KAYLA UNION,**
**AKIL COOPER,**
**MARCUS JOSEPH,**
**DOMINIQUE WILSON,**
**MARIO ZELAYA,**
**ANTHONY DANIELS,**

**DAYA DANIELS,**
**and**
**TRENTON SMITH,**

shall forfeit to the United States any property, real or personal, involved in such offense(s), or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1). The property subject to forfeiture includes, but is not limited, to the following:

**A. MONEY JUDGMENT**

A money judgment for each defendant in an amount that represents the proceeds each defendant obtained from Counts 8 through 15, 18 through 20, 24, and 25 of this Indictment.

**B. SUBSTITUTE ASSETS**

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c). In the event any of the foregoing property:

a. cannot be located upon the exercise of due diligence
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any property of the defendant up to the value of the above-described forfeitable property.

A TRUE BILL.

Dated: February 13, 2019

/s/ *Foreperson*
FOREPERSON

STEPHEN R. MCALLISTER
United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Stephen.McAllister@usdoj.gov
Ks. S. Ct. No. 15845

/s/ *Trent M. Krug*
By: Trent M. Krug
Assistant United States Attorney
500 State Ave., Suite 360
Kansas City, KS 66101
Tel. 913-551-6730
Fax 913-551-6541
Trent.Krug@usdoj.gov
Ks. S. Ct. No. 19454

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

## PENALTIES

**Count 1: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), 846; and 18 U.S.C. § 2**
**Conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana**

- NLT 5 years and NMT 40 years imprisonment,
- NMT $5,000,000 fine,
- NLT 4 years supervised release,
- $100 special assessment, and
- Forfeiture Allegation I.

In the event of a prior conviction for a serious drug felony or serious violent felony:

- NLT 10 years and NMT life imprisonment,
- NMT $8,000,000 fine,
- NLT 8 years supervised release,
- $100 special assessment, and
- Forfeiture Allegation I.

**Counts 16 and 21: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 846 and 18 U.S.C. § 2**
**Conspiracy to distribute and possess with intent to distribute marijuana**

- NMT 5 years imprisonment,
- NMT $250,000 fine,
- NLT 2 years supervised release,
- $100 special assessment, and
- Forfeiture Allegation I.

In the event of a prior conviction for a serious drug felony or serious violent felony:

- NMT 10 years imprisonment,
- NMT $500,000 fine,
- NLT 4 years supervised release,
- $100 special assessment, and
- Forfeiture Allegation I.

**Counts 2 through 6, 17, 22, and 23: 21 U.S.C. § 843(b)**
**Unlawful use of a communication facility**

- NMT 4 years imprisonment,
- NMT $250,000 fine,
- NMT 3 years supervised release,
- Forfeiture Allegation I, and
- $100 special assessment fee.

**Count 7: 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2**
**Maintaining a Drug-involved premise**

- NMT 20 years imprisonment,
- NMT $500,000 fine,
- NMT 3 years supervised release,
- Forfeiture Allegation I, and
- $100 special assessment fee.

**Counts 8 through 15, 18, 19, 20, 24, and 25: 18 U.S.C. § 1956(h), (a)(1)(B)(i), and (a)(3)**
**Money Laundering and Conspiracy to Commit Money Laundering**

- NMT 20 years imprisonment,
- NMT $500,000 fine,
- NMT 3 years supervised release,
- Forfeiture Allegation II, and
- $100 special assessment fee.